Laura OLENICK, Plaintiff,

v.

NEW YORK TELEPHONE/A NYNEX COMPANY; Lon Bannett; and Interviewer/Jane Doe, Defendants.

No. 93 Civ. 2051 (WK).

United States District Court, S.D. New York.

April 3, 1995.

Laura Olenick, New York City, pro se.

Michael Hertzberg, New York City, for defendants.

## OPINION AND ORDER

WHITMAN KNAPP, Senior District Judge.

Plaintiff *pro se*, a caucasian female, has alleged that defendants failed to employ her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* Defendants now move for summary judgment.

In 1990 plaintiff applied for a position with defendant New York Telephone as a service representative. As part of her application she underwent a "Customer Contact Evaluation" (hereinafter the "Evaluation") on March 13, 1990. Her complaint includes the following narrative, which purports to describe the treatment she received on that occasion:

> I was mistreated because the application was not taken from me. At first, I did not know that there was going to be a second interview. When I arrived early the receptionist did not give me enough time to fill out the application; when she called the interviewer to test me. The percentile of the grade was not given to me or the rank, from the first part of the test. Thus I think it was an invalid decision.

Def. Ex. A at 3.

Plaintiff asserts that the above-mentioned conduct amounts to race and color discrimination proscribed by Title VII. By contrast, defendants assert that plaintiff achieved the lowest possible score on the Evaluation, one far below the score required of successful applicants.

Plaintiff has failed to present any direct evidence of racial discrimination and thus, under *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, she must demonstrate a *prima facie* case comprised of the following:

> (i) that [s]he belongs to a racial minority; (ii) that [s]he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite h[er] qualifications, [s]he was rejected; and (iv) that, after h[er] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

411 U.S. at 802, 93 S.Ct. at 1824.

Because plaintiff is not a member of a racial minority, we must subject her claims to a slightly altered analysis. In *Parker v. Baltimore & Ohio R.R. Co.* (D.C.Cir. 1981) 652 F.2d 1012, 1017, the D.C. Circuit held that a plaintiff alleging "reverse discrimination" may rely on the *McDonnell Douglas* criteria "to prove a prima facie case of intentional disparate treatment when background circumstances support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Accord Notari v. Denver Water Dept.* (10th Cir.1992) 971 F.2d 585, 589; *Murray v. Thistledown Racing Club, Inc.* (6th Cir.1985) 770 F.2d 63, 67. The *Parker* Court reasoned that

> [m]embership in a socially disfavored group was the assumption on which the entire *McDonnell Douglas* analysis was predicated, for only in that context can it be stated as a general rule that the "light of common experience" would lead a factfinder to infer discriminatory motive from the unexplained hiring of an outsider rather than a group member. Whites are also a protected group under Title VII, but it defies common sense to suggest that the promotion of a black employee justifies an inference of prejudice against white coworkers in our present society.

We find such reasoning to be sound and therefore adopt the *Parker* Court's revised version of the *McDonnell Douglas* test.

In the instant case, plaintiff has presented no evidence whatsoever supporting any "suspicion" that either New York Telephone or its parent, Nynex, is "that unusual employer who discriminates against the majority." Ac-

cordingly, we grant summary judgment to defendants.

**SO ORDERED.**